**Tadese AZENE, aka Tadese Azene Wube, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77425.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

648

Tadese Azene, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Margaret K. Taylor, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Tadese Azene, aka Tadese Azene Wube, a native and citizen of Ethiopia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *id.*, and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the BIA's determination that petitioner did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir.1997). Petitioner did not testify that he suffered past persecution. Rather, he claimed that he has a fear of future persecution both on account of his Amhara ethnicity and his political opinion opposing the current Ethiopian government.

The record does not compel the conclusion that petitioner has a well-founded fear of future persecution on either protected ground. *See Mgoian v. INS,* 184 F.3d 1029, 1035 n. 4 (9th Cir.1999) (internal quotation marks omitted) (an applicant may establish a well-founded fear of persecution where he is a member of a "disfavored group" coupled with a showing that he, in particular, is likely to be targeted as a member of that group); *see Suntharalinkam v. Gonzales,* 458 F.3d 1034, 1049 (9th Cir.2006) (upholding the IJ's finding that there was no pattern or practice of persecution); *see also Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1580 (9th Cir.1986) (holding no basis for fear of future persecution where there was no evidence that the government of El Salvador had ever been made aware of petitioner's political activities in the United States).

Because petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence supports the BIA's denial of his claim for protection under CAT because petitioner did not es-

tablish that it is more likely than not that he will be tortured if returned to Ethiopia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Petitioner's remaining due process claims fail because he cannot show prejudice. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999); *see also Hassan v. INS,* 927 F.2d 465, 469 (9th Cir. 1991) (holding that the factual record alone supported the denial of petitioner's application, and the IJ's bias had no bearing on the outcome).

**PETITION FOR REVIEW DENIED.**